IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Tamorris McClure, ) | C/A No. 0:13-2006-JMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Cecilia Reynolds, *Warden KCI*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner John Tamorris McClure ("McClure"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 16.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), McClure was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 17.) McClure filed a response in opposition to the respondent's motion. (ECF No. 24.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and McClure's Petition denied.

**BACKGROUND**

McClure was indicted in July 2004 in York County for possession of crack cocaine with intent to distribute (04-GS-46-2366). (App. at 416-17, ECF No. 15-4 at 113-14.) McClure was represented by Adrian E. Cooper, Esquire, and on November 17-18, 2004 was tried before a jury and found guilty as charged. (App. at 292, ECF No. 15-3 at 86.) The circuit court sentenced McClure to fifteen years' imprisonment, assessed McClure with a fine of $50,000, and revoked McClure's

probation related to a previous conviction which added nine years' imprisonment to his sentence. (App. at 299, ECF No. 15-3 at 93.)

McClure timely appealed and was represented by Hemphill P. Pride, Esquire, who filed a final brief on McClure's behalf that presented the following claims:

    I.       Did the trial court err in denying appellant's motion to suppress as evidence crack cocaine seized from vehicle in which appellant was a passenger in violation of his Fourth Amendment rights?

    II.      Did the trial court err in denying appellant's motions for directed verdict as respondent failed to prove beyond a reasonable doubt appellant was guilty?

(App. at 361, ECF No. 15-4 at 58.) The State filed a final brief. (App. at 372-88, ECF No. 15-4 at 69-85.) On May 23, 2006, the South Carolina Court of Appeals filed an order affirming the decision of the lower court. (State v. McClure, Op. No. 06-UP-260 (S.C. Ct. App. May 23, 2006); App. at 389-91, ECF No. 15-4 at 86-88.) The remittitur was issued on June 8, 2006. (App. at 392, ECF No. 15-4 at 89.)

McClure filed a *pro se* application for post-conviction relief on May 31, 2007 ("2007 PCR") in which he raised the following claims:

    (a)      [T]he defendant's trial counsel was negligent and provided ineffective assistance to the defendant in his failure to object to the State's tendering Commander Marvin Brown as an expert witness in the field of narcotics;

    (b)      [T]he trial court committed reversible error in overruling the defendant's objection to the State's re-direct examination of Cynthia McCorkle . . . ;

    (c)      [T]he trial court committed reversible error in not ordering a mistrial after learning that one of the jurors approached and briefly spoke with one of the Solicitors during a lunch recess and the counsel for the defendant was negligent and provided ineffective assistance to the defendant in his failure to object to [] this conversation and request for a mistrial.

(See McClure v. State of South Carolina, 07-CP-46-1855; App. at 303-10, ECF No. 15-3 at 97 through ECF No. 15-4 at 7). The State filed a return. (App. at 312-15, ECF No. 15-4 at 9-12.) On



February 13, 2008, the PCR court held an evidentiary hearing at which McClure appeared and testified and continued to be represented by Hemphill P. Pride, Esquire. By order filed February 22, 2008, the PCR judge denied and dismissed with prejudice McClure's PCR application. (App. at 354-57, ECF No. 15-4 at 51-54.) McClure did not appeal the PCR court's Order.

McClure filed a second *pro se* application for post-conviction relief on September 18, 2008 ("2008 PCR") in which he alleged the following ground for relief:

> The Applicant hereby moves upon this court request[ing] that an evidentiary hearing be held pursuant to Austin Petition. . . . The Applicant requested that PCR counsel file appeal to denial of PCR in [] which counsel failed to do so.

(App. at 393-99, ECF No. 15-4 at 90-96.) The State consented to McClure belatedly seeking appellate review of his 2007 PCR action, and on September 17, 2009 the court filed an order dismissing McClure's 2008 PCR application. (App. at 410-14, ECF No. 15-4 at 107-11.)

On appeal, McClure was represented by LaNelle C. Durant, Esquire, who filed a petition for a writ of certiorari on McClure's behalf that presented the following question:

> Whether the PCR court was correct in ruling that petitioner was entitled to a belated appeal from the denial of his first PCR as his first PCR attorney failed to file an appeal after petitioner requested one?

(ECF No. 15-7.) Additionally, counsel for McClure filed a petition for a writ of certiorari pursuant to Austin v. State[1] that raised the following question:

> Did the PCR court err in failing to find trial counsel ineffective for not making a contemporaneous objection to the admission of the drugs as evidence during petitioner's trial after counsel had made a pretrial motion to suppress the drugs; thus not preserving the issue for appellate review?

---

[1] Austin v. State, 409 S.E.2d 395 (S.C. 1991). "Under Austin, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 523 S.E.2d 753 (S.C. 1999); see also King v. State, 417 S.E.2d 868 (S.C. 1992) (explaining the appellate procedure in an Austin matter).



(ECF No. 15-8.) The State filed a return. (ECF No. 15-9.) On July 1, 2013, the South Carolina Court of Appeals issued an order in which it granted the petition for a writ of certiorari pursuant to Austin v. State and, after Austin review, denied McClure's petition for a writ of certiorari from the final order in the 2007 PCR action. (ECF No. 15-10.) The remittitur was issued July 17, 2013. (ECF No. 15-11.) This action followed.

## FEDERAL HABEAS ISSUES

McClure's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:** The trial courts erred in denying Appellant[']s motion to suppress in violation of his [F]ourth Amendment Rights.
**Supporting Facts:** McClure was arrested on April 22, 2004 when the Multi-Jurisdictional Drug Enforcement unit ("unit") executed a search warrant issued for 2447 [H]olly Road in York County South Carolina. McClure was arrested while seated in a car across the street from 2447 [H]olly Road. [T]wo teams from the unit went into the house . . . while one (1) unit consisting of five officers [and] two cars blocked and stormed the car in which McClure was seated. They testified that they saw drugs when they looked through the car windows. McClure's attorney prior to trial made a pretrial motion to suppress the drugs based on an illegal search and seizure. The court agreed with the respondent that the drugs was not seized pursuant to the search warrant but was in plain view. [T]he trial court did not resolve whether an illegal seizure had occurred.

**Ground Two:** McClure was denied effective assistance of counsel when trial counsel failed [to] object and preserve the suppression issue for review.
**Supporting Facts:** During McClure[']s trial, trial counsel made a motion pretrial to suppress drugs seized from the car based on an illegal search and seizure. The trial court denied counsel['s] motion to suppress. Trial counsel failed to object to the drugs when they were admitted as evidence at trial. The Appellate courts refused to review the suppression issue because trial counsel failed to object and preserve the suppression issue for Appellate review.

**Ground Three:** Trial counsel was ineffective for failing to object and request a mistrial after discovering conversation between solicitor and juror.
**Supporting Facts:** During a lunch break a juror approach[ed] the prosecuting attorneys for the state and indulge[d] in a brief conversation outside of the court room. Trial counsel didn't object to the conversation. . . . Trial counsel did not question the juror concerning the substance of the conversation to determine if there was any prejudice that could have [occurred]. [H]ad trial counsel objected to the

Page 4 of 20



conversation there is a reasonable probability of a different outcome absent this error of counsel.

**Ground Four:** The Trial court erred in denying McClure[']s Motion for directed verdict as respondent failed to prove beyond a reasonable doubt McClure was guilty. **Supporting Facts:** During McClure[']s trial, co-defendant [L]ipscomb testified that the drugs in the car belong[ed] to him. Commander Brown of the unit testified that [L]ipscomb claimed all the drugs in the car. . . . The two people in the car during McClure[']s arrest, [J]oseph Aruta and Abdul Mohammed[,] both testified that the drugs belong[ed] to [L]ipscomb and not McClure. Officer Ervin testified that there was no investigation to find out who owned the car. . . . Officer Brown also claimed there was a large metal box on McClure[']s lap that contained 3 grams of crack cocaine. There was testimony presented from [L]ipscomb taking responsibility of the contents of that box. [T]he unrebutted evidence presented by [L]ipscomb was that the box was knocked to McClure[']s lap during [L]ipscomb[']s arrest. Officer Ervin testified that when incidents like this happen, it[']s kind of chaos. . . . [A]lso Officer Ervin testified that he seen Officer Brown take a metal box from the driver[']s ("seat".)[.]

(Pet., ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.



See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law

erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S. Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's



decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by



a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Summary Judgment Motion**

    **1.     Procedural Bar**

As an initial matter, respondent argues that Ground Three is procedurally barred from federal habeas review. Specifically, McClure alleges that trial counsel was ineffective for failing to object and request a mistrial after discovering a conversation had taken place between the solicitor and a juror. (ECF No. 1 at 9.) The respondent points out that McClure did not present this issue to the state appellate court during his PCR appeal, rendering Ground Three procedurally defaulted. (ECF No. 15 at 23.) Upon review of the record, the court agrees. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, this ground would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if McClure attempted to raise it now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

Because the court finds that the above-listed habeas ground is procedurally defaulted, or barred from federal habeas review, such a claim may be considered by a federal court only if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a



fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted. However, to establish "actual innocence," a petitioner must produce new reliable evidence that was not presented at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 324, 327 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"). McClure's response in opposition to the respondent's motion for summary judgment provides no arguments to meet this standard and fails to demonstrate that, based on any new reliable evidence, it is more likely than not that no reasonable juror would have found him guilty. See Schlup, 513 U.S. at 327-29. Instead, McClure's response asserts that Ground Three is not procedurally barred because it was "fairly presented to the state supreme court through the PCR final order of dismissal." (ECF No. 24 at 8.) However, the record reflects that McClure's Ground Three issue, while ruled upon by the PCR court (ECF No. 15-6 at 3), was not raised in the PCR appeal. (ECF Nos. 15-7 at 3, 15-8 at 3.) Accordingly, Ground Three is procedurally barred from federal habeas review.

### 2. Ground One

McClure argues that the trial court erred in denying his motion to suppress evidence in violation of his Fourth Amendment rights. (ECF No. 1 at 6.) The respondent argues that Ground One does not state a cognizable ground for habeas relief because McClure was provided "a full and fair chance to litigate the present issue in state court." (ECF No. 15 at 12.) The court agrees. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence



obtained in an unconstitutional search or seizure was introduced at trial." Stone v Powell, 428 U.S. 465, 494-95 (1976); see also Grimsley v. Dodson, 696 F.2d 303, 304 (4th Cir. 1982) ("Stone v. Powell [] marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner has the opportunity to litigate those claims in state court."). McClure's response in opposition to the motion for summary judgment reiterates facts alleging that the trial court's denial of his motion to suppress was in error. (ECF No. 24 at 2-4.) However, McClure's response fails to refute the respondent's contention that he had a full and fair opportunity to litigate this issue in state court. (Id.) Further, the record in this case reflects that McClure challenged the allegedly unconstitutional seizure via a motion *in limine* at trial (App. at 56-57, ECF No. 15-1 at 58-59) and raised this issue in his direct appeal (App. at 361, ECF No. 15-4 at 58; App. at 391, ECF No. 15-4 at 88). Hence, Petitioner has not shown that he did not have a full and fair opportunity to litigate the issue presented in Ground One in state court. Accordingly, respondent should be granted summary judgment on this claim.

### 3. Ground Two

Having concluded that the above-discussed grounds are procedurally defaulted or are not cognizable habeas claims, the court turns to Ground Two in which McClure alleges he "was denied effective assistance of counsel when trial counsel failed [to] object and preserve the suppression issue for review." (ECF No. 1 at 7-8.)

#### a. Controlling Law Regarding Allegations of Ineffective Assistance of Counsel

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his



representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. at 788. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions



were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

### b. PCR Court Testimony and Findings

At the PCR hearing, McClure testified that he hired trial counsel to represent him in state criminal proceedings. (App. at 346, ECF No. 15-4 at 43.) McClure testified that trial counsel argued in a pretrial motion that drugs seized at the time of arrest should not be used at the trial. (App. at 349, ECF No. 15-4 at 46.) McClure stated that he did not testify at the suppression hearing, but trial counsel put up other witnesses at that hearing. (Id.) On cross-examination during the PCR hearing, McClure testified that he never possessed or controlled the drugs that were seized during the arrest. (App. at 350, ECF No. 15-4 at 47.) McClure further testified that he and trial counsel discussed that McClure's defense would be based on that fact. (Id.)

Trial counsel testified that he filed a pretrial motion to suppress the drugs in McClure's case. (App. at 323, ECF No. 15-4 at 20.) Trial counsel testified that the trial judge granted a suppression hearing, where the prosecution proffered a law enforcement officer present at the time of McClure's



arrest. (Id.) Trial counsel testified that, during his examination of this witness, he attempted to show that the officer was not in a position to see the drugs and to establish that the officer did not have a search warrant for the car where the drugs were found. (App. at 323-24, ECF No. 15-4 at 20-21.) Trial counsel contended in the suppression hearing that the drugs could not have been in plain sight because the search occurred at night. (App. at 324, ECF No. 15-4 at 21.) However, trial counsel testified that the officer purportedly used a flashlight during the search and alleged that the drugs were in plain sight on the car's floorboard. (App. at 324-25, ECF No. 15-4 at 21-22.) Trial counsel testified that he was able to establish that the officer saw no evidence of criminal behavior prior to the search and that the officer did not see any drugs on McClure's person. (App. at 325-26, ECF No. 22-23.) Trial counsel testified that he was prepared for the suppression hearing and presented caselaw to support his arguments. (App. at 326-27, ECF No. 15-4 at 23-24.) Trial counsel testified that the judge denied the motion to suppress. (App. at 327, ECF No. 15-4 at 24.) Trial counsel further recalled the judge stating that an objection would need to be made in regards to the evidence at the close of trial in order to preserve the issue. (App. at 327-28, ECF No. 15-4 at 24-25.) Trial counsel testified that suppression of the drug evidence was an important element of the case as was testimony by a co-defendant that the drugs did not belong to McClure. (App. at 329-30, ECF No. 15-4 at 26-27.) Trial counsel testified that the South Carolina Court of Appeals' decision in McClure's direct appeal states that trial counsel did not object to the evidence when it was produced at trial, and did not preserve the issue for review. (App. at 329, ECF No. 15-4 at 26.)

In rejecting McClure's claim of ineffective assistance of counsel relating to trial counsel's failure to object to the entry of drug evidence and failure to preserve this issue for appellate review, the PCR court found that trial counsel "did not preserve the record on his motion *in limine* to suppress drugs seized from a car occupied by Applicant." (App. at 356, ECF No. 15-4 at 53.)



However the PCR court further held that a "review of the evidence presented during the suppression hearing and the thorough analysis of the issue by the trial judge establishes that the trial judge's denial of the motion to suppress was sound." (Id.) The PCR court found that the "record establishes to the Court's satisfaction that the trial judge's ruling here would not be disturbed on appeal" and that "there is no reasonable probability that the posture of this case would now be any different had Trial Counsel preserved the suppression issue for appellate review." (App. at 357, ECF No. 15-4 at 54.) Thus, the PCR court held that McClure "failed to carry his burden of proof as to his claims of ineffective assistance of counsel under Strickland" and dismissed the case with prejudice. (Id.)

    **c.**    **Conclusion**

Upon thorough review of the parties' briefs and the record in this matter, the court finds that McClure cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785.

In response to the respondent's motion for summary judgment, McClure essentially reiterates facts already presented in support for his claim of ineffective assistance of counsel. (ECF No. 24 at 4-7.) McClure further asserts that "there is a reasonable probability that the results of trial would have been different absent this error of trial counsel." (Id. at 6.) However, the record reflects that the trial judge found the drug evidence properly seized under the plain view exception to the warrant requirement and further found that McClure did not have standing to challenge the seizure because he had no expectation of privacy while sitting in a vehicle on someone else's property. (App. at 83-



88, ECF No. 15-1 at 85-90.) Thus, as stated by the PCR court, McClure demonstrates no reasonable probability that the trial or direct appeal would have turned out differently if trial counsel had renewed his objection to the entry of drug evidence in this case. (ECF No. 15-6 at 4.) Upon careful review of the trial transcript, PCR transcript, and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that McClure has failed to establish that trial counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient. McClure has not shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 131 S. Ct. at 785. Accordingly, the respondent's motion for summary judgment should be granted as to Ground Two.

    **4.    Ground Four**

The court now turns to McClure's final ground for habeas relief asserting that the trial court erred in denying his motion for a directed verdict. (ECF No. 1 at 11.) During the trial, trial counsel moved for a directed verdict which the trial court denied. (App. at 195-96, ECF No. 15-2 at 100-01.) In Ground Four, as argued in his direct appeal, McClure challenges the sufficiency of the evidence because a co-defendant admitted to possession and ownership of the drugs at trial. (ECF. No. 1 at 11; see also App. at 199-201, ECF No. 15-2 at 104-106.)

Claims of sufficiency of evidence are cognizable on collateral review. However, "a federal court's review of such claims is 'sharply limited.' " Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998) (quoting Wright v. West, 505 U.S. 277, 296 (1992)). "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." Wilson, 155 F.3d at 405-06 (citing Wright, 505 U.S. at 292).



When reviewing the sufficiency of the evidence to support a conviction, the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see also McDaniel v. Brown, 558 U.S. 120, 133 (2010) (*per curiam*) ("Jackson requires a reviewing court to review the evidence 'in the light most favorable to the prosecution.' ") (quoting Jackson, 443 U.S. at 319). Where there are conflicting inferences, the reviewing court must presume " 'that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " McDaniel, 558 U.S. at 133 (quoting Jackson, 443 U.S. at 326). In evaluating a Jackson sufficiency of the evidence claim in a federal habeas petition, the relevant inquiry is "whether a state court determination that the evidence was sufficient to support a conviction was an objectively unreasonable application of [the standard enunciated in] Jackson." Williams v. Ozmint, 494 F.3d 478, 489 (4th Cir. 2007) (internal quotations and citations omitted) (alterations in original); see also Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (*per curiam*); McDaniel, 558 U.S. at 133-34 (evaluating a Jackson claim in accordance with the standard of review set forth in § 2254(d)(1)).

The trial court denied McClure's motion for a directed verdict, thus finding sufficient evidence had been presented. (App. at 195-96, ECF No. 15-2 at 100-01.) The South Carolina Court of Appeals dismissed McClure's appeal raising this issue but did not discuss this claim in its opinion. (App. at 389-91, ECF No. 15-4 at 86-88.) However, as pointed out by the Harrington Court, review under § 2254 does not require a statement of reasons. Harrington, 131 S. Ct. at 784. Therefore, McClure must show that there was no reasonable basis for the state court to deny relief, id., and the court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that

PJG

those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786; see also 28 U.S.C. § 2254(d).

Upon review of the record, viewing the evidence in the light most favorable to the prosecution and resolving any conflicting inferences in favor of the prosecution, the court concludes that McClure cannot demonstrate that there was insufficient evidence at trial from which any rational trier of fact could have found that McClure was guilty of possession with intent to distribute crack cocaine as defined under state law beyond a reasonable doubt. See Jackson, 443 U.S. at 319; see also McDaniel, 558 U.S. at 133-34; S.C. Code Ann. §§ 44-53-340, 44-53-375. The evidence supporting McClure's conviction is adequately summarized in the respondent's memorandum in support of the motion for summary judgment, which points out that trial counsel conceded, when making the motion for a directed verdict, that sufficient evidence had been submitted for the judge to deny it. (ECF No. 15 at 28, 32-34; see also App. at 195, ECF No. 15-2 at 100.)

McClure's response in opposition to the motion for summary judgment continues to assert that the trial court's denial of his motion for a directed verdict was in error based on a co-defendant's admission at trial to ownership and possession of the drugs. (ECF No. 24 at 9). However, the relevant question is whether viewing the evidence presented in the light most favorable to the prosecution "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. The court finds that McClure has failed to demonstrate that the state court's decision was so fundamentally unfair that it resulted in a denial of due process. See 28 U.S.C. § 2254(a) (stating that a writ of habeas corpus is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). As McClure has failed to show that there was no reasonable basis for the trial court's denial of McClure's motion for a directed verdict and the state appellate court's dismissal

Page 18 of 20



of his appeal, he cannot demonstrate that those decisions were an "objectively unreasonable application of [the standard enunciated in] Jackson." Williams, 494 F.3d at 489; see also 28 U.S.C. § 2254(d)(1).  Accordingly, McClure is not entitled to habeas relief on Ground Four.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 16) be granted and McClure's Petition denied.

                                                  Paige J. Gossett
                                                  UNITED STATES MAGISTRATE JUDGE

July 14, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).