**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| John Tamorris McClure, | ) | |
| | ) | Civil Action No. 0:13-cv-02006-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Cecilia Reynolds, Warden, KCI, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner John Tamorris McClure ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus action pursuant to 28 U.S.C. § 2254 alleging error by the trial court in denying a motion to suppress and a motion for a directed verdict and ineffective assistance of counsel. (ECF No. 1.)  This matter is before the court on Respondent Cecilia Reynolds, Warden of Kershaw Correctional Institution's ("Respondent") Motion for Summary Judgment.  (ECF No. 16).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling.  On July 14, 2014, the magistrate judge issued a Report and Recommendation ("Report") recommending the court grant the Motion for Summary Judgment and deny the Petition.  (ECF No. 27.)  This review considers Petitioner's Objection to Report and Recommendation ("Objections"), filed August 1, 2014. (ECF No. 29.)  For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Report.  The court thereby **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 16) and denies the Petition (ECF No. 1).

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts viewed in the light most favorable to Petitioner are discussed in the Report.

1

(*See* ECF No. 27.)  The court concludes, upon its own careful review of the record, that the magistrate judge's factual summation is accurate and incorporates it by reference.  The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is incarcerated within the South Carolina Department of Corrections, serving a 15 year sentence, followed by a 9 year sentence due to revocation of probation on a previous conviction, after being found guilty for possession of crack cocaine with intent to distribute after a jury trial November 17-18, 2004.  (ECF No. 27 at 1.)  Petitioner filed a direct appeal on December 20, 2005.  (*Id.* at 2.)  The South Carolina Court of Appeals affirmed the decision of the trial court on May 23, 2006, and issued the remittitur on June 8, 2006.  (*Id.*)  Petitioner filed a *pro se* application for Post Conviction Relief ("PCR") on May 31, 2007.  (*Id.*)  The PCR court held an evidentiary hearing, at which Petitioner appeared and testified on February 13, 2008.  (*Id.* at 3.)  On February 22, 2008, the PCR judge denied Petitioner's application; Petitioner did not appeal.  (*Id.*)  Petitioner filed a second *pro se* PCR application on September 18, 2008, requesting review of his first PCR application denial.  (*Id.*)  The state consented to Petitioner's belated request for appellate review, and on September 17, 2009, the court filed an order dismissing the second PCR application.  (*Id.*)  Petitioner filed a petition for a writ of certiorari with the assistance of counsel and an additional petition for a writ pursuant to *Austin v. State*[1] on September 14, 2010.  (*Id.*)  On July 1, 2013, the South Carolina Court of Appeals issued an order granting the petition pursuant to *Austin*, and after *Austin* review, denied the petition for a writ of certiorari from the final order in Petitioner's first PCR application.  (*Id.* at 4.)  The remittitur was issued on July 17, 2013.  (*Id.*)

---

[1] *Austin v. State,* 409 S.E.2d 395 (S.C. 1991).  "Under *Austin,* a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal."  *Odom v. State,* 523 S.E.2d 753, 755 (S.C. 1999).

On July 22, 2013, Petitioner filed the Petition, raising four grounds for relief: (1) the trial court erred in denying Petitioner's motion to suppress evidence in violation of the Fourth Amendment, (2) Petitioner's trial counsel was ineffective for failing to object and preserve the issue of suppressing drug evidence for review, (3) trial counsel was ineffective for failing to object and request a mistrial after discovering a conversation between the solicitor and a juror, and (4) the trial court erred in denying Petitioner's motion for a directed verdict.  (ECF No. 1 at 6-7, 9, 11.)  On November 7, 2013, Respondent filed a Motion for Summary Judgment.  (ECF No. 16.)  The next day, the magistrate judge issued a *Roseboro* Order[2] advising Petitioner of the importance of the motion and his need to file an adequate response.  (ECF No. 17.)  Petitioner filed a Response in Opposition to the motion on January 14, 2014.  (ECF No. 24.)  On July 14, 2014, the magistrate judge issued the Report, recommending the court grant Respondent's motion and deny the Petition.  (ECF No. 27.)

The magistrate judge found Ground Three of the Petition to be procedurally barred, as it was not raised during Petitioner's PCR appeal proceedings.  (ECF No. 27 at 9.)  The magistrate judge further found Petitioner had shown no facts explaining cause for having failed to raise the issue, and had not presented facts showing a fundamental miscarriage of justice on the issue to excuse the procedural bar.  (*Id.* at 9-10.)  Regarding Ground One, the magistrate judge found that Petitioner's claim was not cognizable for federal habeas corpus relief because Petitioner had a "full and fair chance" to litigate the issue in state court.  (*Id.* at 10.)  On Ground Two, the magistrate judge, upon review of the PCR court's written opinion on the issue of ineffective assistance of counsel, found that the state court did not unreasonably misapply the *Strickland*

---

[2] The order was entered in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which requires the court to provide an explanation of dismissal or summary judgment procedures to *pro se* litigants.

standard[3] when it determined no Sixth Amendment violation had occurred.  (*Id.* at 13-15.)  The PCR court found that although trial counsel had not preserved the issue of suppressing the drug evidence via an objection, a "review of the evidence presented during the suppression hearing and the thorough analysis of the issue by the trial judge establishes that the trial judge's denial of the motion to suppress was sound."  (*Id.* at 15.)  The magistrate judge found that Petitioner can demonstrate "no reasonable probability that the trial or direct appeal would have turned out differently if trial counsel had renewed his objection to the entry of drug evidence in this case."  (*Id.* at 16.)  Finally, on Ground Four, the magistrate judge found that Petitioner has failed to show that there was no reasonable basis for the trial court's denial of Petitioner's motion for a directed verdict or the state appellate court's dismissal of his appeal, and therefore Petitioner cannot show those decisions were an objectively unreasonable application of the proper standard.  (*Id.* at 18-19.)

Petitioner timely filed his Objections to the Report on August 1, 2014.  (ECF No. 29.)

### STANDARD OF REVIEW

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those

---

[3] *Strickland v. Washington,* 466 U.S. 668, 687 (1984) ("A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction… has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.")

portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

## ANALYSIS

### Grounds One and Two

Petitioner's Objections to the portions of the Report regarding Grounds One and Two lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). In his Objections, Petitioner merely makes unsupported statements that he has not had a "full and fair"

opportunity to litigate his Fourth Amendment claims and that it is "elementary" that his trial counsel was ineffective. (*See* ECF No. 29.) Since Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315.

The court does not find clear error and accepts the Report by the magistrate judge. Petitioner disputes the magistrate judge's finding that he had a full and fair opportunity to litigate his Fourth Amendment claims in Ground One of his Petition, inquiring how the opportunity could have been full and fair if the court "did not 'resolve' whether an illegal seizure had occurred." (ECF No. 29 at 2.) To support his assertion, Petitioner attached a highlighted excerpt from the Report to his Objections, and cites to a section in which the magistrate judge quotes verbatim, Petitioner's own contentions in his Petition. (ECF No. 29-1 at 1.) Petitioner can offer no supported facts to back up his assertion. To the contrary, the record shows that Petitioner challenged the seizure via a motion *in limine* at trial and again in his direct appeal. (ECF No. 27 at 11.) Simply because the issue was not resolved in Petitioner's favor does not mean Petitioner's opportunity to challenge the seizure was not fair.

In addition, Petitioner repeatedly cites to the record to indicate that trial counsel failed to object to the denial of a motion to suppress drug evidence, and therefore did not preserve the issue for appeal. (ECF No. 29 at 4-6.) Trial counsel admitted to this fact in Petitioner's PCR proceedings. (ECF No. 27 at 14.) However, as the magistrate judge noted, the PCR court found the trial judge's denial of the motion to suppress to be sound and found no "reasonable probability" that the result of the case or appeal would have been different had trial counsel preserved the issue for appeal. (*Id.* at 15.) Petitioner offers no facts to dispute this conclusion.

**Grounds Three and Four**

Petitioner offers no objection to the portions of the Report regarding Grounds Three or Four of the Petition.  In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond,* 416 F.3d at 315.  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.   28 U.S.C. § 636(b)(1); *Thomas,* 474 U.S. 140; *Wright,* 766 F.2d 841; *Schronce,* 727 F.2d 91.  Therefore, after a thorough and careful review of the Report and the record regarding this issue, the court finds the Report provides an accurate summary of the facts and law and adopts the magistrate judge's recommendation.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the magistrate judge and the record in this case, the court **ACCEPTS** the Report of the magistrate judge (ECF No. 27).  It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 16) is **GRANTED** and this Petition (ECF No. 1) is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 24, 2014
Columbia, South Carolina

7